UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY L. HILL,

    Plaintiff,

v.                                                                          Case No. 8:23-cv-26-WFJ-MRM

ARAMARK, LLC, *et al.*,

    Defendants.
_____/

## ORDER

Before the Court are Mr. Hill's discovery exhibits (Doc. 19), motions (Docs. 20, 21, 24, 26, 30), affidavits (Docs. 22, 23, 25), and objections (Docs. 29, 31).

**I. Discovery exhibits (Doc. 19), affidavits (Docs. 22, 23, 25), and motions (Docs. 20, 21, 24)**

Mr. Hill filed an exhibit list and exhibits (Doc. 19), affidavits by him and two fellow prisoners (Docs. 22, 23, 25), and motions (Docs. 20, 21, 24). Although these exhibits, affidavits, and motions show the case number for this action, they identify "Roger Hester" as the defendant and concern a leaky roof at the prison. Roger Hester is a defendant in Mr. Hill's action in Case No. 8:22-cv-2828-TPB-SPF (M.D.Fla.), and that action includes a claim that the roof leaks at the prison. It therefore appears he filed these exhibits, affidavits, and motions in the wrong case. Accordingly, they will

1

be stricken and returned to Mr. Hill, and he may refile them, if he wishes, in the appropriate case with the correct case number.

## II. Motions (Docs. 26, 30)

Mr. Hill moves to file a request for admissions from Defendants (Doc. 26). This discovery request is premature, as the Court has not yet established a case-management schedule (and Defendants have not responded to the amended complaint). After the Court authorizes discovery through the establishment of the case-management schedule, Mr. Hill may pursue proper discovery.[1] Therefore, the motion for discovery will be denied without prejudice.

In his motion at docket entry #30, Mr. Hill appears to move for additional discovery and to "adjoin previous petitioners as witnesses." As stated above, discovery is not authorized until the case-management schedule is established. And Mr. Hill may use affidavits from his witnesses supporting a motion for summary judgment or call them to testify during trial. Thus, the motion will be denied without prejudice.

## III. Objections (Docs. 29, 31)

Mr. Hill objects (Doc. 29) to the Court's order striking his Motion to Administer Licensed Dietitian (See Docs. 15, 16). But the motion was stricken without prejudice to Mr. Hill re-filing the motion in a separate, standalone document with a

---

[1] Mr. Hill is reminded that discovery requests are served on opposing counsel, not to the Court.

memorandum of law (See Doc. 16). Moreover, Mr. Hill may move to amend his complaint to add a request for injunctive relief regarding a dietician. The objection is therefore overruled.

Mr. Hill also objects (Doc. 31) to the Court's order striking his motion and attached document at docket entry #17. In striking the motion and document, the Court explained "discovery-related documents are not generally accepted for filing, without some direct and specific connection to a pending motion." (See Doc. 18). And Mr. Hill's contention he must file his documents/exhibits before he moves for summary judgement (Doc. 31 at p. 2) is incorrect. He may file those items when he files or responds to a motion for summary judgment. Thus, the objection is overruled. Finally, to the extent Mr. Hill moves to disqualify the undersigned for striking his motion and document (Doc. 31), the motion will be denied. *See Litekey v. United States*, 510 U.S. 540 (1994) (judicial rulings, with no evidence of extrajudicial bias, may support an appeal, not recusal).

Accordingly:

1. Mr. Hill's discovery exhibits (Doc. 19), motions (Docs. 20, 21, 24,), and affidavits (Docs. 22, 23, 25) are **STRICKEN**. The Clerk must return the originals of those filings to Mr. Hill with his copy of this Order.

2. Mr. Hill's motions for discovery (Docs. 26, 30) are **DENIED** without prejudice to Mr. Hill seeking discovery after the Court enters a case management order

3

authorizing discovery.

3. Mr. Hill's objections (Docs. 29, 31) are **OVERRULED**. His motion to disqualify the undersigned (Doc. 31) is **DENIED**.

**ORDERED** in Tampa, Florida, on June 14, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Tony L. Hill, *pro se*