# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TONY L. HILL,

    Plaintiff,

v.                                                             CASE NO. 8:23-cv-26-WFJ-UAM

ARAMARK, LLC, et al.,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Tony L. Hill's ("Plaintiff") *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Dkt. 1), Defendants Aramark Correctional Services, LLC's and H. Pierre's (collectively, "Defendants") Motion to Dismiss (Dkt. 41), and Plaintiff's Response (Dkt. 45). Upon careful consideration, the Court grants Defendants' Motion and dismisses the Complaint with leave to amend.

## BACKGROUND

Plaintiff, a diabetic, is currently incarcerated at Zephyrhills Correctional Institution. Dkt. 1 at 1. Defendant Aramark is a private company contracted with the Florida Department of Corrections (DOC) to provide meals to inmates, Dkt. 41 at 1, and Defendant H. Pierre is an Aramark supervisor. Dkt. 1 at 3.

Plaintiff filed the instant Complaint on January 5, 2023. He alleges that his prison diet is nutritionally and calorically deficient, given his diabetes. *Id.* at 3.

Plaintiff asserts that, because he is diabetic, he should be served 2,600 calories a day, primarily made up of whole wheat products, "real meats," 2% milk, and 100% juice. *Id.* Grievances filed with the prison and attached to Plaintiff's Response[1] paint a fuller picture of his claims: meals are served late to diabetics, who require food promptly after receiving insulin, Dkt. 45-1 at 3, Aramark serves diabetics foods high in starch and sugar, *id.* at 23–24, and Aramark serves spoiled and low-quality foods, *id.* Plaintiff further avers that Aramark does not provide diabetic inmates with the required 2,600 calories per day. Dkt. 1 at 4. Plaintiff claims that this diet has caused him hunger, malnutrition, high blood sugar, headaches, chest pain, bowel problems, and heart disease. *Id.* at 5. He seeks a judgment of $100,000, as well as injunctive relief ending Aramark's contract with the Florida DOC and mandating wheat products for incarcerated diabetics. *Id.*

Defendants filed a Motion to Dismiss, arguing that Plaintiff failed to exhaust his administrative remedies, Dkt. 41 at 17–19, and making several substantive arguments, *id.* at 5–16, 19–20. As explained below, the Court agrees that the Complaint is due to be dismissed for failure to exhaust.

---

[1] Generally, all facts relevant to the cause of action should be stated in the complaint, rather than attached as witness statements or pled for the first time in the response. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). For example, Plaintiff did not attach DOC's order that he is to receive diabetic meals until Docket 45, and Defendants' Motion to Dismiss was filed at Docket 41. Should Plaintiff amend, he should include all relevant facts in the Amended Complaint.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

### A. Plaintiff failed to exhaust his administrative remedies.

Prison inmates "shall" not bring suit under § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because administrative exhaustion is statutorily mandated, "a court may not excuse a failure to exhaust." *Ross v. Blake*, 578 U.S. 632, 639 (2016).

A district court follows a two-step process when determining whether to dismiss a § 1983 claim based on a failure to exhaust administrative remedies. *Varner v. Shepard*, 11 F.4th 1252, 1257–58 (11th Cir. 2021) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the court considers the

inmate's and the defendant's factual allegations. *Id.* If the parties' factual allegations conflict, the court accepts the inmate's version of the facts as true. *Id.* If the inmate's allegations establish his failure to exhaust administrative remedies, the court must dismiss the claim. *Id.*

Where an inmate's allegations do not support dismissal at the first step, the court proceeds to the second step. *Id.* There, the defendant must prove that the inmate failed to exhaust. *Id.* The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Turner*, F.3d at 1082–83). Upon making findings on the disputed issues of fact, the court decides whether the inmate has exhausted his administrative remedies. *Id.*

Here, the Court can stop at step one. The Complaint itself demonstrates that Plaintiff did not exhaust his administrative remedies.

Florida's inmate grievance policy is outlined in Chapter 33-103 of the Florida Administrative Code. For most concerns, before filing a claim in federal court, an inmate must file an informal grievance (form DC6-236), then a formal grievance (form DC1-303), and then an appeal to the Office of the DOC Secretary (using a second form DC1-303).  Fla. Admin. Code. 33-103. When filing the formal grievance, an inmate should attach his informal grievance form and response. When appealing to the Office of the Secretary, an inmate should attach his formal and informal grievance forms, including the responses for each. *Id.* Failure to attach these forms will result in the grievance's return without

4

processing. *Id.* An informal grievance must be filed within 21 days of the underlying incident; the formal grievance and appeal to the Office of the Secretary must be submitted within 15 days of receiving an answer at the previous level of adjudication. *Id.* Once the inmate has received a response from the Office of the Secretary, his administrative remedies are exhausted.

Attached to the instant Complaint is a Response from the DOC informing Plaintiff that his appeal was returned without action for failure to include the informal and formal grievance forms. Dkt. 1-1 at 1. Because the inmate's own pleading establishes his failure to exhaust, the Complaint is due to be dismissed without prejudice.

**B. The Complaint fails to establish Ms. Pierre's liability.**

Even if Plaintiff had exhausted his administrative remedies, he failed to state a claim against Ms. Pierre. The Complaint identifies Ms. Pierre as an Aramark supervisor and sues her in her official capacity. Dkt. 1 at 3. However, Ms. Pierre cannot be held vicariously liable for the actions of subordinate Aramark employees. *West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007). Under § 1983, if a supervisor does not personally participate in the alleged constitutional violation, she can only be held liable under a theory of deliberate indifference. *Id.* This requires a showing that the supervisor knew of and disregarded "an excessive risk to inmate health or safety." *Swain v. Junior*, 958 F.3d 1081, 1089 (11th Cir. 2020)

(citations omitted). If the supervisor "responded reasonably to the risk," she cannot be held liable. *Id.*

Ms. Pierre is the official who answered Plaintiff's DOC grievances on behalf of Aramark. *See* Dkt. 1-1 at 2–4. Ms. Pierre responded reasonably to Plaintiff's grievance as to late meals, instructing that meals should be served on time. Dkt. 45-1 at 3. As to Plaintiff's allegations of calorically and nutritionally inadequate food, the Complaint states no facts indicating that Ms. Pierre has ultimate decision-making authority about meals served. For these reasons, the Complaint does not plead sufficient facts stating a claim against Ms. Pierre.

## CONCLUSION

Plaintiff failed to exhaust administrative remedies, and he did not state a proper claim against Ms. Pierre. Accordingly, Defendants' Motion to Dismiss, Dkt. 41, is **GRANTED**. The Complaint, Dkt. 1, is **DISMISSED WITHOUT PREJUDICE**. The Court will hold this file open for 60 days, should Plaintiff achieve exhaustion of administrative remedies and then file an amended complaint within that time.

**DONE AND ORDERED** at Tampa, Florida, on October 24, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record