## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TONY L. HILL**,

     Plaintiff,

v.                                    Case No. 8:23-cv-00026-WFJ-UAM

**ARAMARK CORRECTIONAL SERVICES, LLC**,
**H. PIERRE**, and
**FLORIDA DEPARTMENT OF CORRECTIONS**.

     Defendants.

_____/

## ORDER

     Mr. Hill, a Florida prisoner at Zephyrhills Correctional Institute (ZCI), filed an amended complaint under 42 U.S.C. § 1983 (Doc 59). He brings this civil rights action against Aramark Correctional Services, LLC (Aramark), the food service provider at ZCI; Aramark Supervisor H. Pierre, in her official capacity; and the Florida Department of Corrections (FDOC). He alleges that he is a diabetic and that Aramark will not provide a proper diet for the diabetic prisoners at ZCI. As relief, he seeks compensatory damages, real dairy, fruit, and meat products, and Aramark to post its address and certifications.

## DISCUSSION

     After a review of the complaint in accord with 28 U.S.C. § 1915A, the Court concludes that the claims against the FDOC must be dismissed because the FDOC is immune from relief. *See* § 1915(A)(b)(2) ("On review, the court shall identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . seeks monetary relief from a defendant who is immune from such relief.").

The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "The Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999), cert. denied, 529 U.S. 1012 (2000).

While the text of the amendment does not explicitly so provide, the Supreme Court has held that the Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 444 (1996). In *Zatler v. Wainwright*, the Eleventh Circuit found that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its sovereign immunity in such suits. 802 F.2d 397, 400 (11th Cir. 1986) (finding that the Secretary of Florida Department of Corrections was immune from suit in his official capacity where the § 1983 complaint alleged that prison officials failed to protect prisoner from sexual assault) (citing *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1513-20 (11th Cir. 1986) (dismissing § 1983 complaint for lack of jurisdiction upon finding that Florida has not waived its Eleventh Amendment sovereign

immunity)). "It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).

Finally, the law is well settled that, absent several limited exceptions, the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139. 145-46 (1993); *Seminole Tribe of Florida*, 517 U.S. at 58; *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990). Based on the foregoing, the claims against the FDOC are due to be dismissed.

Accordingly, Plaintiff's claims against FDOC are **DISMISSED**. Plaintiff's claims against Defendants Aramark and Defendant Pierre in her official capacity for refusing to provide Plaintiff with an appropriate diabetic diet may proceed. The Clerk of Court must terminate FDOC as a party to this action. The Court will enter a separate order regarding service on the continuing claim.

**ORDERED** in Tampa, Florida, on December 21, 2023.


*/s/ William F. Jung*_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record